## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

|  |  |  |
|---|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, | ) ) ) | Civil Action No. 2:21-cv-179 |
| Plaintiff, | ) ) ) | **DEMAND FOR JURY TRIAL** |
| v. | ) ) |  |
| R&R MEDICAL, LLC d/b/a BEAR KOMPLEX, an Indiana limited liability company, | ) ) ) |  |
| Defendant. | ) ) |  |

## COMPLAINT FOR TRADEMARK AND TRADE DRESS INFRINGEMENT

Plaintiff Monster Energy Company ("Plaintiff" or "Monster"), a Delaware corporation, by and through its undersigned attorneys, files this Complaint against Defendant R&R Medical LLC, d/b/a Bear KompleX ("Defendant" or "Bear KompleX"), an Indiana limited liability company, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for (1) trademark infringement under 15 U.S.C. § 1114, (2) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a), (3) trademark dilution under 15 U.S.C. § 1125(c), and (4) Indiana unfair competition.

2. The Court has original subject matter jurisdiction over the federal claims in this complaint pursuant to 15 U.S.C. §§ 1116 and 1121(a) and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the trademark laws of the United States. The Court has supplemental

-1-

jurisdiction over the claims in this Complaint for state common law unfair competition pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claim is so related to the federal trademark claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendant. Defendant is based in Lake County, Indiana. Defendant has also marketed, advertised and promoted its goods in Indiana, including in this judicial district, via at least its website (https://www.bearkomplex.com/) and social media sites (including Facebook and Instagram). Further, Defendant has sold its fitness-related equipment and other products through its website to buyers in Indiana and in this judicial district. In addition, Defendant's trademark infringement, trade dress infringement, false designation of origin, trademark dilution, and unfair competition in this judicial district, including its use of infringing marks and trade dress in connection with the advertisement, marketing, promotion, and/or sale of products to customers in this district, are acts forming a substantial part of the events or omissions giving rise to Monster's claims.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events complained of herein took place in the district.

## THE PARTIES

5. Monster is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1 Monster Way, Corona, California 92789.

6. Monster is informed and believes, and on that basis alleges, that Bear Komplex is a limited liability company organized and existing under the laws of the State of Indiana, having a principal place of business at 3300 E. 84th Place, Merrillville, Indiana 46410. Monster is

informed and believes, and on that basis alleges, that Bear KompleX sells its fitness related products online to buyers in Indiana and in this judicial district.

<u>**COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF**</u>

**A.**    <u>**Monster's Trademarks and Trade Dress**</u>

7.    Monster is a nationwide leader in the business of developing, marketing, selling, and distributing ready-to-drink beverages, including energy drinks, and related products.

8.    In 2002, long before Defendant's infringing activity, Monster launched its MONSTER ENERGY® drink brand, the containers of which all prominently display Monster's now-famous ⦀ ® mark, an M-shaped claw design with jagged or irregular contours designed to evoke a claw having torn through the can or other material ("Claw Icon").  Images of Monster's flagship and best-selling original MONSTER ENERGY® drink and packaging, which display the Claw Icon, are shown below.



9.    In addition to its Claw Icon, since 2002, Monster has consistently used a distinctive trade dress for packaging, clothing, bags, sports gear, helmets, and promotional

-3-

materials that includes the colors green and black in combination with Monster's Claw Icon (the "Monster Trade Dress"). Examples of the Monster Trade Dress are shown above and below.



| **Die Cut Signage** | **Hanging Sign** | **Poster** |

As these examples illustrate, the Claw Icon mark often appears in the color green and against a black or black/gray background.

10.     Monster is the owner of numerous U.S. Trademark Registrations for marks that incorporate the Claw Icon, including in connection with the colors green or green and black. Monster's U.S. Trademark Registrations include, for example, the following:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|------------|-----------|
|      | 2,903,214 | Drinks, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated and non-carbonated energy or sports drinks, fruit juice | 5/7/2003 | 11/16/2004 |

-4-

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
| | 4,011,301 | Sports helmets; video recordings featuring sports, extreme sports, and motor sports | 7/27/2010 | 8/16/2011 |
| | 4,721,432 | Promoting goods and services in the sports, motorsports, electronic sports, and music industries through the distribution of printed, audio and visual promotional materials; promoting sports and music events and competitions for others | 3/12/2014 | 4/14/2015 |
| | 3,434,821 | Nutritional supplements | 9/7/2007 | 5/27/2008 |
| | 4,625,118 | Dairy-based beverages; dairy-based energy shakes; energy shakes; coffee energy; shakes; chocolate energy shakes

Ready to drink tea and tea based beverages; ready to drink flavored tea, tea based beverages; ready to drink coffee and coffee based beverages; ready to drink flavored | 6/4/2014 | 10/21/2014 |

-5-

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | coffee and coffee based beverages; ready to drink chocolate based beverages | | |
|  | 5,580,962 | Nutritional supplements; nutritional supplements for purposes of boosting energy; dietary supplemental drinks in the nature of vitamin beverages<br><br>Sport helmets; video recordings featuring sports, extreme sports and motor sports<br><br>Silicone wristbands in the nature of bracelets; silicone bracelets; jewelry, namely, bracelets and wristbands; lanyard necklace; watches<br><br>Stickers, sticker kits comprising stickers and decals; decals; posters; calendars<br><br>All-purpose sport bags; all-purpose carrying bags; backpacks; duffel bags<br><br>Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts; sweat shirts, jackets, pants, bandanas, sweat bands, gloves and motorcycle gloves; headgear, namely, hats and beanies | 5/17/18 | 10/9/18 |

-6-

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|------------|-----------|
|  |  | Non-alcoholic beverages, namely, energy drinks, sports drinks, and sports and/or energy drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs |  |  |
|  | 5,022,676 | Nutritional supplements in liquid form<br><br>Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 5/28/2014 | 8/16/2016 |
|  | 3,908,601 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely, hats and beanies | 4/2/2009 | 1/18/2011 |
|  | 3,914,828 | Sports helmets | 4/2/2009 | 2/1/2011 |
|  | 5,664,586 | Beverageware; insulated beverage containers for domestic use; drinking bottles for sports; water bottles sold empty | 12/4/2017 | 1/29/2019 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 4,865,702 | Nutritional supplements in liquid form<br><br>Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 2/2/2015 | 12/8/2015 |
|  | 3,963,668 | Stickers; sticker kits comprising stickers and decals; decals; posters | 7/27/2010 | 5/17/2011 |
|  | 3,963,669 | All purpose sport bags; all-purpose carrying bags; backpacks; duffel bags | 7/28/2010 | 5/17/2011 |
|  | 4,051,650 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely hats and beanies | 7/27/2010 | 11/8/2011 |

11.     Attached hereto as Exhibits 1-14 are true and correct copies of Monster's trademark registrations identified in Paragraph 10 of this complaint, which are hereby incorporated by reference.  Collectively, Monster's common law rights in its Claw Icon and its above-referenced trademark registrations are referred to as the "Asserted Marks."

12.    Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 2,903,214, 4,011,301, 3,434,821, 4,625,118, 3,908,601, 3,914,828, 3,963,668, 3,963,669, and 4,051,650 and are incontestable.

13.    As a result of Monster's substantial and continuous use of its Claw Icon and Monster Trade Dress, Monster is also the owner of strong common-law trademark rights in its Claw Icon and strong common-law trade dress rights in its packaging and promotional materials that incorporate the Monster Trade Dress.

14.    The MONSTER brand is the best-selling energy drink brand in the United States. Monster sells drinks bearing its Claw Icon and Monster Trade Dress in over 370,000 retail outlets in the United States, including convenience stores, gas stations, and grocery stores.

15.    Monster's Claw Icon and Monster Trade Dress are the subject of substantial and continuous marketing and promotion by Monster in connection with its MONSTER line of drinks.  Since Monster launched its MONSTER line of drinks in 2002, over 95% of Monster's marketing for the drinks has featured Monster's green and black trade dress, including in combination with the Claw Icon with and without the word MONSTER.

16.    In addition, since 2002, Monster has continuously used and promoted its Claw Icon and Monster Trade Dress in connection with fitness-related equipment and accessories, clothing, nutritional supplements, fitness beverages, fitness and athletic events, and numerous other products and services.  Monster widely markets and promotes its Claw Icon and Monster Trade Dress to consumers by, for example, displaying the Claw Icon and the Monster Trade Dress extensively on billions of cans of beverages and nutritional supplements; on apparel, merchandise, and fitness equipment; in gyms and at sporting and athletic events; on promotional and point-of-sale materials; in magazines and other publications; on the monsterenergy.com

website, monsterarmy.com website and other websites and social media sites; and at trade shows, concert tours and live events. In addition, Monster promotes the Claw Icon and the Monster Trade Dress through, for example, the sponsorship of sports events, athletes, and music festivals that are televised nationwide and internationally.

17. Since 2003, Monster has promoted, distributed, and sold its products in connection with the MONSTER Marks at numerous gyms, fitness clubs, athletic clubs and fitness-related events, such as LA Fitness and Equinox gyms, and Max Muscle Sports Nutrition events. Monster also sells its beverages in hundreds of fitness-related stores such as GNC.

18. Since 2013, Monster has also licensed the Claw Icon to several gyms for use on gym equipment. The Claw Icon appears prominently throughout these gyms, including on gym equipment, interior gym walls, heavy bags, boxing gloves, cage panels, corner bumpers, banners, and mats for MMA cages and boxing rings. Gyms that Monster sponsors or has sponsored include the Chainsaw Fitness gym and training center in Vista, California; the American Kickboxing Academy gym in San Jose, California; the Sityodtong Muay Thai Academy in Sommerville, Maryland; the Alliance Training Center MMA gym in San Diego, California; the Huntington Beach Training Center in Huntington Beach, California; the Combat Sports Academy MMA, in Dublin, California; and the Syndicate Mixed Martial Arts gym in Las Vegas, Nevada. Some examples of the Monster Trade Dress used on gym equipment are shown below:











19.     Monster's trade dress often appears with white design elements, as white tends to highlight and emphasize the green and black color scheme that is central to the Monster Trade Dress.  This can be seen in the images below from Monster-sponsored gyms.







-12-

20.     In October 2020, Monster was named the 4th Most Marketed Brand in Sports by Nielsen and Hookit. Viewers of Monster-sponsored sports events are exposed to the Claw Icon and the Monster Trade Dress throughout the entire duration of these events; especially those viewers in close proximity to the action, for example (and depending on the event) on banners located at the event venues, on the press backdrop, the podium backdrop, athlete uniforms, athlete equipment, on transport, support and hospitality tractor trailers, and on banners, posters, signs, and on clothing and accessories sold at the events. In addition to exposure on television, the Claw Icon and the Monster Trade Dress receive exposure on the Internet and in printed publications covering the events.

21.     Monster has sponsored numerous live sporting events, including being the official energy drink partner of the UFC since 2015; the presenting sponsor of the X Games and the Winter X Games from 2014 to 2020; hosting the MONSTER ENERGY NASCAR Cup Series from 2017 to 2019; being the title sponsor for the MONSTER ENERGY AMA Supercross Series since 2008; and others. When Monster sponsors live sporting events, Monster's Claw Icon and Monster Trade Dress are prominently displayed throughout the event, including on banners, posters, and hanging curtains throughout the events, on banners lining fields and tracks, and on pit areas and hospitality areas of the events, and in commercials throughout events' TV broadcasts and Internet coverage.

22.     Some examples of Monster's sponsorship activities in connection with athletic and sporting events are shown below.

-13-









23.     Monster has also sponsored over 500 athletes across various sports, including, but not limited to, UFC Champions Ronda Rousey and Connor McGregor; golf superstar Tiger Woods; World Champion MotoGP motorcycle racers Valentino Rossi and Jorge Lorenzo; the world's most successful Formula 1 driver Lewis Hamilton; four-time Super Bowl champion Rob Gronkowski; and many others. When Monster sponsors an athlete, both sides agree that the athlete's clothing, gear, and equipment will display certain elements of Monster's brand including, for example, the Claw Icon and/or the Monster Trade Dress.   Additionally, when participating at public appearances, Monster-sponsored athletes almost always wear clothing, headwear, helmets, or gear that displays the Monster Claw Icon and Monster Trade Dress. Examples of Opposer's sponsored sporting events and athletes, and clothing bearing the Claw Icon the Monster Trade Dress are shown below:







24.     Further, Monster provides hospitality at sporting events through a team of employees and outside companies known as the Monster Ambassador Team ("MAT").  MAT members have conducted promotional giveaways of beverages and/or other items bearing the Claw Icon and the Monster Trade Dress at the TD Garden in Boston, at the Barclays Center in New York City, at the Staples Center in Los Angeles, at the former Verizon Center (now Capital One Arena) in Baltimore, at the American Airlines Center in Dallas, at the American Airlines Arena in Miami, and at the Toyota Center in Houston.

-16-

25.      Since 2002, Monster has spent in excess of $8.5 billion dollars promoting and marketing its MONSTER brand, including the Claw Icon and the Monster Trade Dress.  From 2002 to 2016 alone, Monster spent over $4.6 billion dollars advertising, promoting, and marketing its MONSTER brand, including the Claw Icon and Monster Trade Dress.

26.      Monster's promotional efforts also include using and displaying the Claw Icon and Monster Trade Dress on, in, or in connection with widely distributed promotional and point-of-sale materials; product samplings; apparel and merchandise; trucks and other vehicles; magazines and other industry publications; Monster's website, social media sites, and other Internet websites; attendance at trade shows; and sponsorship of concert tours, live events, athletes, athletic teams, and athletic competitions around the world.  Some examples of these promotional efforts are further described below.

27.      Monster also widely markets and promotes the Claw Icon and Monster Trade Dress to consumers through clothing sales and giveaways.  Since 2002, Monster has licensed, sold and/or given away millions of items of clothing bearing its Claw Icon and Monster Trade Dress.  Below are examples of Monster apparel bearing the Monster's Claw Icon and embodying the Monster Trade Dress.





28.     Monster's Claw Icon and Monster Trade Dress also receive extensive publicity and exposure through Monster's websites including its www.monsterenergy.com website and social media sites including Monster's Facebook, Twitter, Instagram, and YouTube accounts. As of February 2021, Monster's Facebook page has over 25 million "likes"; Monster's YouTube page has over 462 million views; Monster's Twitter page has approximately 3 million followers; and Monster's Instagram page has approximately 7.3 million followers.  Monster's Claw Icon and Monster Trade Dress are displayed on these websites and social media sites.

29.     As a result of Monster's substantial use and promotion of its Claw Icon and Monster Trade Dress in connection with its MONSTER family of products, the mark and trade dress have acquired great value as specific identifiers of Monster's products and serve to identify and distinguish Monster's products from those of others.  Customers in this judicial district and elsewhere readily recognize Monster's Claw Icon and Monster Trade Dress as distinctive designations of the origin of Monster's drinks, clothing, sports-and-fitness-related products and accessories, and many other products and promotional items.  The mark and trade dress are intellectual property assets of enormous value as symbols of Monster and of its quality products, reputation and consumer goodwill.

**B.** <u>**Defendant's Activities**</u>

30.    Monster is informed and believes, and on that basis alleges, that Defendant is engaged in the business of producing, distributing, marketing, and/or selling fitness-related products and apparel. Defendant owns and operates the website www.bearkomplex.com and maintains a variety of social media accounts including Facebook and Instagram.

31.    Without permission or consent from Monster, Defendant has sold, offered to sell, and/or marketed sport related equipment and accessories, bags, clothing, and related products bearing a logo consisting of a claw design which, like Monster's Claw Icon, evokes a claw having torn through the material on which the mark appears.  Defendant also uses its claw mark in connection with a green and black color scheme that is confusingly similar to the Monster Trade Dress. Examples of Defendant's sports equipment displaying the infringing claw mark and trade dress are shown below.





32.     Defendant sells its fitness-related products on its website www.bearkomplex.com. Defendant ships belts, bags, grips, apparel and other products throughout the United States, including to Indiana.

33.     Defendant's products are the same as or closely related to, and competitive with, many of the products that display Monster's Claw Icon and/or Monster Trade Dress, insofar as they are fitness equipment or fitness-related products including sports equipment, bags and athletic clothing.   Defendant's and Monster's fitness-related products also travel in similar channels of trade.   Defendant's and Monster's products are also sold and marketed to the same types of customers.   For example, as shown on Defendant's social media sites, much of Defendant's marketing for its fitness related products focuses on sporting activities and athletic events, to which Monster allocates a large proportion of its marketing budget.

34.     Defendant is aware of Monster and its valuable trademarks and trade dress.  On or about July 31, 2019, Monster's counsel sent Defendant a cease and desist letter notifying

Defendant of Monster's trademark rights in, among other things, the Claw Icon and the Monster Trade Dress.  The letter notified Defendant that the sale of its "Grip, Calicure, & Doc Spartan Monster Bundle" and its use of green in proximity to a claw icon on those products infringed Monster's intellectual property rights and demanded that Defendant, *inter alia*, cease all use of Monster's marks and trade dress. Defendant responded to Monster's letter on August 13, 2019 and agreed to remove the use of the term "MONSTER" in connection with its products. Defendants also informed Monster that the identified grip used neon yellow, rather than green. Monster believed at the time that Defendant was responding in good faith but, in an abundance of caution, Monster warned Defendant in an August 26, 2019 letter that any use of Defendant's claw mark in green, or any use of the mark principally in connection with green and black, would infringe Monster's Claw Icon and Monster's Trade Dress.

35.    Despite its professed willingness to discontinue infringement, Defendant subsequently expanded its offerings of fitness-related products bearing the Defendant's claw mark in green or with green/black color schemes.  Defendant also added green claw marks to Defendant's website against principally black or gray backgrounds.  Defendant also altered its Instagram account to adopt a green-and-black theme in connection with the infringing claw mark.  Therefore, on June 17, 2020, Monster sent a second letter to Defendant regarding its infringement.

36.    The green-and-black color scheme that Defendant adopted is very similar to the color scheme that Monster uses on the homepage of all of Monster's websites and social-media sites.  Shown below are screenshots from Monster's website and from Defendant's webpage displaying the infringing mark.

Defendant's website in October 2019:



Defendant's website in June 2020:



Monster's website:



37.     In subsequent months, Defendant continued to infringe Monster's trademark and trade dress rights, and even expanded its offerings of green-and-black themed products bearing Defendant's claw mark.  Monster again contacted Defendant about its infringement. Nonetheless, Defendant added additional infringing products in approximately August 2020. One of those new products – a Covid-19 mask – has a green and gray/black claw mark as well as a color scheme in which green and black are prominent.

38.     Monster's Claw Icon and Monster Trade Dress are famous.  Defendant was therefore aware of Monster and its trademarks when it began infringing Monster's trademark and trade dress rights.

39.     Without permission or consent from Monster, Defendant has infringed Monster's Claw Icon and the Monster Trade Dress in interstate commerce by making, using, promoting, advertising, selling, and/or offering to sell fitness related products using marks and a trade dress that are confusingly similar to Monster's marks and trade dress.

40.     Defendant's actions alleged herein are intended to cause confusion, mistake or deception as to the source of Defendant's products and are intended to cause consumers and potential customers to believe that Defendant's business and the products that it offers are associated with Monster or its family of products or services, when they are not.

41.     Indeed, Defendant has a duty to avoid confusion with Monster and its marks because Defendant entered the market after Monster.  Nevertheless, Defendant has purposely sold, promoted, marketed and/or distributed its products in a manner that creates a likelihood of confusion with Monster and its marks and trade dress.

42.     By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Monster's business reputation and goodwill, caused a likelihood of consumer

confusion, mistake and deception as to the source of origin or relationship between the parties' products, and has otherwise competed unfairly with Monster.

43.     Upon information and belief, Defendant's unlawful acts are, and have been, willful and deliberate.

44.     Defendant's unlawful acts have caused damage to Monster in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts of infringement.

45.     Defendant's unlawful acts have caused Monster to suffer irreparable injury to its business.   Monster will suffer substantial loss of goodwill and reputation unless and until Defendant is enjoined from the wrongful acts complained of herein.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Under 15 U.S.C. § 1114

46.     Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-45 of this complaint as though fully set forth herein.

47.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

48.     Monster owns valid and enforceable federally registered trademarks for the Claw Icon, including at least the registrations listed in Paragraph 10 above.

49.     Pursuant to 15 U.S.C. § 1065 and 1115(b), U.S. Trademark Registration Nos. 2,903,214, 4,011,301, 3,434,821, 4,625,118, 3,908,601, 3,914,828, 3,963,668, 3,963,669, and 4,051,650 are incontestable.

50.     Defendant has used in commerce, without permission from Monster, a colorable imitation and/or confusingly similar mark and trade dress to Monster's Asserted Marks and Monster Trade Dress in connection with the advertising, marketing and/or promoting of

Defendant's fitness related products. Such use is likely to cause confusion or mistake, or to deceive.

51.     Upon information and belief, Defendant's actions constitute willful and intentional infringement of Monster's registered trademarks, and Defendant performed these actions with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and by deceiving the public into believing that Defendant's products are associated with, sponsored by, originated from, or approved by Monster, when they are not.

52.     Upon information and belief, Defendant had actual knowledge of Monster's ownership and prior use of the Claw Icon, and has willfully violated 15 U.S.C. § 1114.

53.     Defendant, by its actions, has caused Monster monetary damage in an amount to be determined at trial.

54.     Defendant, by its actions, has irreparably injured Monster. Such irreparable injury will continue unless Defendant is enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

**Trademark Infringement, Trade Dress Infringement, and False**

**Designation of Origin Under 15 U.S.C. § 1125(a)**

55.     Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-54 of this complaint as though fully set forth herein.

56.     This is a claim for trademark infringement, trade dress infringement, and false designation of origin arising under 15 U.S.C. § 1125(a).

57.     As a result of the widespread use and promotion of Monster's Claw Icon and Monster Trade Dress, the marks and trade dress have acquired secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the marks and trade dress with Monster.

58.     Defendant has infringed Monster's Asserted Marks and Monster Trade Dress, and created a false designation of origin, by using in commerce, without Monster's permission, marks confusingly similar to Monster's Asserted Marks and a trade dress confusingly similar to the Monster Trade Dress, in connection with Defendant's business and the products offered by Defendant.

59.     Defendant's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of the parties and/or their products, and/or as to the origin, sponsorship, or approval of Defendant's products and/or commercial activities, in violation of 15 U.S.C. § 1125(a).

60.     Defendant acted with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant or the products offered by Defendant are associated with, sponsored by, or approved by Monster, when they are not.

61.     Monster is informed and believes, and on that basis alleges, that Defendant had actual knowledge of Monster's ownership and prior use of the Asserted Marks and Monster Trade Dress, and without the consent of Monster, has willfully and intentionally violated 15 U.S.C. § 1125(a).

62.     Defendant, by its actions, has caused Monster monetary damage in an amount to be determined at trial.

63.     Defendant, by its actions, has irreparably injured Monster.  Such irreparable injury will continue unless Defendant is enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### Federal Dilution Under 15 U.S.C. § 1125(c)

64.     Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-63 of this Complaint as though fully set forth herein.

65.     This is a claim for federal trademark dilution arising under 15 U.S.C. § 1125(c).

66.     Products sold under Monster's Claw Icon have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.  By virtue of the wide renown acquired by Monster's Claw Icon, coupled with the national and international distribution and extensive sale of various products distributed under the Claw Icon, Monster's Claw Icon is famous, and became so prior to Defendant's acts complained of herein.

67.     Defendant's unauthorized commercial use of its mark and green/black trade dress in connection with its business and products has caused and is likely to continue to cause dilution of the distinctive qualities of Monster's famous Claw Icon and Monster Trade Dress.

68.     Defendant's acts are likely to tarnish, injure or trade upon Monster's business, reputation or goodwill, and to deprive Monster of the ability to control the use of its Claw Icon and Monster Trade Dress, the consumer associations attached to the mark and trade dress, and the quality of products associated therewith.

69.     Monster is informed and believes, and on that basis alleges, that Defendant's acts of dilution have been willful and deliberate.

-27-

70. Defendant, by its actions, has caused Monster monetary damage in an amount to be determined at trial.

71. Defendant, by its actions, has irreparably injured Monster. Such irreparable injury will continue unless Defendant is enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

### **FOURTH CLAIM FOR RELIEF**

### **Unfair Competition Under Indiana Law**

72. Monster hereby repeats, realleges, and incorporates by reference Paragraphs 1-71 of this Complaint as though fully set forth herein.

73. This claim is for unfair competition under the common law of the State of Indiana. Defendant's unlawful acts constitute trademark and trade dress infringement and unfair competition under Indiana common law.

74. By virtue of the acts described herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this judicial district and elsewhere as to the source or sponsorship of Defendant's products, deceived the public in order to "pass off" its products as those of Monster, and traded on Monster's reputation and good will. Defendant has therefore unfairly competed with Monster in violation of Indiana law.

75. Defendant's unlawful acts have caused Monster monetary damage in an amount to be determined at trial.

76. Defendant has irreparably injured Monster. Such irreparable injury will continue unless Defendant is enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

77.    Defendant's acts of unfair competition are and have been willful and deliberate. Accordingly, Monster is entitled to punitive damages under Indiana law, including Ind. Code § 34-51-3, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Monster prays for judgment against Defendant as follows:

A.    That the Court render a final judgment in favor of Monster and against Defendant on all claims for relief alleged herein;

B.    That the Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Monster's trademark rights in at least the marks that are the subject of the registrations listed in Paragraph 10 above;

C.    That the Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1125(a) by infringing Monster's Asserted Marks, including the Claw Icon, by infringing the Monster Trade Dress, and by falsely designating the origin of its products;

D.    That the Court render a final judgment that Defendant has willfully violated 15 U.S.C. § 1125(c) by diluting Monster's famous Claw Icon;

E.    That the Court render a final judgment that Defendant willfully violated Indiana common law by unfairly competing with Monster;

F.    That Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, be enjoined from:

       i.    using Monster's Asserted Marks and/or the Monster Trade Dress, or any other marks or trade dress confusingly similar thereto (including Defendant's claw logo

-29-

and trade dress shown above), in connection with Defendant's business or the goods offered by Defendant, including in connection with the advertising, promoting, manufacture, distribution, or sale of Defendant's goods, and/or using Monster's Asserted Marks or the Monster Trade Dress, or any other marks or trade dress confusingly similar thereto (including Monster's claw logo and trade dress shown in Paragraphs 8, 9, 19, 19, 22, 23, 27 and 36 above), in any manner that is likely to create the impression that Defendant's goods originate from Monster, are endorsed by Monster, are sponsored by Monster, are affiliated with Monster, or are connected in any way with Monster;

ii. filing any applications for registration of any marks or trade dress confusingly similar to Monster's Asserted Marks or the Monster Trade Dress;

iii. otherwise infringing any of Monster's Asserted Marks or the Monster Trade Dress;

iv. diluting the distinctive qualities of the Claw Icon or any of Monster's other trademarks;

v. falsely designating the origin of Defendant's goods in any manner suggesting that the goods originate from Monster;

vi. unfairly competing with Monster in any manner whatsoever; and

vii. causing a likelihood of confusion or injury to Monster's business reputation;

G. That Defendant be directed to file with this Court, within 30 days of the injunction, a written report describing in detail and under oath the manner in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

H.     That Defendant be required to account for and pay to Monster any and all profits derived by Defendant by virtue of Defendant's acts complained of herein;

I.     That Defendant be ordered to compensate Monster for all damages Monster has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

J.     That this case be deemed exceptional, that the amount of the damages be trebled, and that the amount of disgorged profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

K.     That Monster be awarded exemplary and punitive damages under Indiana common law;

L.     That Defendant's actions be deemed willful;

M.     That an award of reasonable costs, expenses and attorneys' fees be awarded to Monster pursuant to at least 15 U.S.C. § 1117;

N.     That Defendant be required to deliver and destroy all devices, literature, advertising, goods and other unauthorized materials bearing Monster's Asserted Marks or the Monster Trade Dress, or any confusingly similar marks or trade dress, pursuant to 15 U.S.C. § 1118;

O.     That Monster be awarded restitution and disgorgement; and

P.     That Monster be awarded such other and further relief as the Court deems just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Monster Energy

Company hereby demands a trial by jury on all issues so triable.


Respectfully submitted,

Dated: May 26, 2021                     By: /s/ James W. Riley, Jr.
                                           James W. Riley, Jr. (No. 6073-49)
                                           Jaclyn M. Flint (No. 32589-49)
                                           RILEY BENNETT EGLOFF LLP
                                           500 N. Meridian Street, Suite 550
                                           Indianapolis, IN 46204
                                           Tel: (317) 636-8000
                                           Fax: (317) 636-8027
                                           jriley@rbelaw.com
                                           jflint@rbelaw.com


                                           Steven J. Nataupsky (CA BN 155913)
                                           steven.nataupsky@knobbe.com
                                           (pro hac vice pending)
                                           Lynda J. Zadra-Symes (CA BN 156511)
                                           lynda.zadrasymes@knobbe.com
                                           (pro hac vice pending)
                                           Sean M. Murray (CA BN 213655)
                                           Sean.murray@knobbe.com
                                           (pro hac vice pending)
                                           KNOBBE, MARTENS, OLSON & BEAR, LLP
                                           2040 Main Street
                                           Fourteenth Floor
                                           Irvine, CA  92614
                                           Phone: (949) 760-0404
                                           Facsimile: (949) 760-9502

                                           Ari N. Feinstein (DC BN 888314557)
                                           ari.feinstein@knobbe.com
                                           (pro hac vice pending)
                                           KNOBBE, MARTENS, OLSON & BEAR, LLP
                                           1717 Pennsylvania Avenue NW #900
                                           Washington, DC 20006
                                           Phone: (202) 640-6400
                                           Facsimile: (202) 640-6401
                                           Ari.Feinstein@knobbe.com

                                           *Attorneys for Plaintiff*
                                           MONSTER ENERGY COMPANY

-32-

# EXHIBIT 1

Int. Cl.: **32**

Prior U.S. Cls.: **45, 46 and 48**

**Reg. No. 2,903,214**

## United States Patent and Trademark Office

Registered Nov. 16, 2004

## TRADEMARK
### PRINCIPAL REGISTER



HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
1010 RAILROAD STREET
CORONA, CA 92882

FOR: DRINKS, NAMELY, CARBONATED SOFT DRINKS, CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS, CARBONATED AND NON-CARBONATED ENERGY OR SPORTS DRINKS, FRUIT JUICE DRINKS HAVING A JUICE CONTENT OF 50% OR LESS BY VOLUME THAT ARE SHELF STABLE, AND WATER, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

SER. NO. 78-246,564, FILED 5-7-2003.

GINNY ISAACSON, EXAMINING ATTORNEY

# EXHIBIT 2

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,011,301**

**Registered Aug. 16, 2011**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: SPORTS HELMETS; VIDEO RECORDINGS FEATURING SPORTS, EXTREME SPORTS, AND MOTOR SPORTS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

THE MARK CONSISTS OF A STYLIZED LETTER "M" IN THE FORM OF A CLAW.

SER. NO. 85-094,340, FILED 7-27-2010.

LEIGH LOWRY, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL
> TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
> DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

> **The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
> reminder of these filing requirements.**

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

# EXHIBIT 3

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,721,432**

**Registered Apr. 14, 2015**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
1 MONSTER WAY
CORONA, CA 92879

FOR: PROMOTING GOODS AND SERVICES IN THE SPORTS, MOTORSPORTS, ELECTRON-IC SPORTS, AND MUSIC INDUSTRIES THROUGH THE DISTRIBUTION OF PRINTED, AUDIO AND VISUAL PROMOTIONAL MATERIALS; PROMOTING SPORTS AND MUSIC EVENTS AND COMPETITIONS FOR OTHERS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-4-2003; IN COMMERCE 1-4-2003.

OWNER OF U.S. REG. NOS. 2,903,214, 3,434,822, AND OTHERS.

THE MARK CONSISTS OF THE LETTER "M" IN THE FORM OF A CLAW.

SN 86-219,319, FILED 3-12-2014.

WON TEAK OH, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office
(USPTO). The time periods for filing are based on the U.S. registration date (not the international registration
date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to
those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international
registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the
underlying international registration at the International Bureau of the World Intellectual Property Organization,
under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated
from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal
forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark
owners/holders who authorize e-mail communication and maintain a current e-mail address with the
USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark
Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms
available at** http://www.uspto.gov.

# EXHIBIT 4

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,434,821

Registered May 27, 2008

## TRADEMARK
### PRINCIPAL REGISTER



HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: NUTRITIONAL SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

OWNER OF U.S. REG. NOS. 2,903,214 AND 3,134,841.

THE MARK CONSISTS OF THE LETTER "M" IN THE FORM OF A CLAW.

SER. NO. 77-274,643, FILED 9-7-2007.

MICHAEL WIENER, EXAMINING ATTORNEY

# EXHIBIT 5

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,625,118**

**Registered Oct. 21, 2014**

**Int. Cls.: 29 and 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
1 MONSTER WAY
CORONA, CA 92879

FOR: DAIRY-BASED BEVERAGES; DAIRY-BASED ENERGY SHAKES; ENERGY SHAKES; COFFEE ENERGY SHAKES; CHOCOLATE ENERGY SHAKES, IN CLASS 29 (U.S. CL. 46).

FIRST USE 3-18-2013; IN COMMERCE 3-18-2013.

FOR: READY TO DRINK TEA AND TEA BASED BEVERAGES; READY TO DRINK FLAVORED TEA, TEA BASED BEVERAGES; READY TO DRINK COFFEE AND COFFEE BASED BEVERAGES; READY TO DRINK FLAVORED COFFEE AND COFFEE BASED BEVERAGES; READY TO DRINK CHOCOLATE-BASED BEVERAGES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 4-27-2007; IN COMMERCE 4-27-2007.

OWNER OF U.S. REG. NOS. 2,903,214, 3,434,822 AND OTHERS.

THE MARK CONSISTS OF THE LETTER "M" IN THE FORM OF A CLAW.

SER. NO. 86-300,585, FILED 6-4-2014.

GEOFFREY FOSDICK, EXAMINING ATTORNEY



**Deputy Director of the United States**
**Patent and Trademark Office**

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# EXHIBIT 6

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,580,962**

**Registered Oct. 09, 2018**

**Int. Cl.: 5, 9, 14, 16, 18, 25, 32**

**Trademark**

**Principal Register**

Monster Energy Company  (DELAWARE CORPORATION)
1 Monster Way
Corona, CALIFORNIA 92879

CLASS 5: Nutritional supplements; nutritional supplements for purposes of boosting energy; dietary supplemental drinks in the nature of vitamin beverages

FIRST USE 3-27-2002; IN COMMERCE 3-27-2002

CLASS 9: Sport helmets; video recordings featuring sports, extreme sports and motor sports

FIRST USE 6-30-2002; IN COMMERCE 6-30-2002

CLASS 14: Silicone wristbands in the nature of bracelets; silicone bracelets; jewelry, namely, bracelets and wristbands; lanyard necklace; watches

FIRST USE 1-14-2010; IN COMMERCE 1-14-2010

CLASS 16: Stickers, sticker kits comprising stickers and decals; decals; posters; calendars

FIRST USE 1-00-2004; IN COMMERCE 1-00-2004

CLASS 18: All-purpose sport bags; all-purpose carrying bags; backpacks; duffel bags

FIRST USE 5-24-2002; IN COMMERCE 5-24-2002

CLASS 25: Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts; sweat shirts, jackets, pants, bandanas, sweat bands, gloves and motorcycle gloves; headgear, namely, hats and beanies

FIRST USE 5-24-2002; IN COMMERCE 5-24-2002

CLASS 32: Non-alcoholic beverages, namely, energy drinks, sports drinks, and sports and/or energy drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs

FIRST USE 3-27-2002; IN COMMERCE 3-27-2002

The color(s) green and black is/are claimed as a feature of the mark.

The mark consists of a green letter "M" in the form of a claw on a black background.



Director of the United States
Patent and Trademark Office

OWNER OF U.S. REG. NO. 5022676, 3434821, 3434822

SER. NO. 87-926,413, FILED 05-17-2018

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT 7

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,022,676**

**Registered Aug. 16, 2016**

**Int. Cl.: 5, 32**

**Trademark**

**Principal Register**

Monster Energy Company (DELAWARE CORPORATION)
1 Monster Way
Corona, CA 92879

CLASS 5: Nutritional supplements in liquid form

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002

CLASS 32: Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002

The color(s) green is/are claimed as a feature of the mark.

The mark consists of a green letter "M" in the form of a claw.

OWNER OF U.S. REG. NO. 3134841, 3434822, 2903214

SER. NO. 86-979,712, FILED 05-28-2014

GEOFFREY A FOSDICK, EXAMINING ATTORNEY



Michelle K. Lee

Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT 8

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,908,601**

**Registered Jan. 18, 2011**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE SUITE 201
CORONA, CA 92880

FOR: CLOTHING, NAMELY, T-SHIRTS, HOODED SHIRTS AND HOODED SWEATSHIRTS, SWEAT SHIRTS, JACKETS, PANTS, BANDANAS, SWEAT BANDS AND GLOVES; HEADGEAR, NAMELY, HATS AND BEANIES , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND STYLIZED WORDS "MONSTER ENERGY".

SN 77-705,822, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# EXHIBIT 9

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,914,828**

**Registered Feb. 1, 2011**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE, SUITE 201
CORONA, CA 92880

FOR: SPORTS HELMETS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-0-2006; IN COMMERCE 1-0-2006.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND THE STYLIZED WORDS "MONSTER ENERGY".

SN 77-705,362, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# EXHIBIT 10

# United States of America
## United States Patent and Trademark Office



**MONSTER**
E N E R G Y

**Reg. No. 5,664,586**

**Registered Jan. 29, 2019**

**Int. Cl.: 21**

**Trademark**

**Principal Register**

Monster Energy Company  (DELAWARE CORPORATION)
1 Monster Way
Corona, CALIFORNIA 92879

CLASS 21: Beverageware; insulated beverage containers for domestic use; drinking bottles for sports; water bottles sold empty

FIRST USE 1-00-2010; IN COMMERCE 1-00-2010

The mark consists of a stylized letter "M" in the form of a claw above the words "MONSTER ENERGY".

OWNER OF U.S. REG. NO. 3134841, 3923683, 3908601

SER. NO. 87-707,552, FILED 12-04-2017

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT 11

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,865,702**

**Registered Dec. 8, 2015**

**Int. Cls.: 5 and 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
1 MONSTER WAY
CORONA, CA 92879

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

FOR: NON-ALCOHOLIC BEVERAGES, NAMELY, CARBONATED SOFT DRINKS; CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, PROTEINS, AMINO ACIDS AND/OR HERBS; CARBONATED ENERGY DRINKS AND SPORTS DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

OWNER OF U.S. REG. NOS. 4,036,680 AND 4,036,681.

THE COLOR(S) GREEN, BLACK, AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" IN THE FORM OF A CLAW DISPLAYED IN GREEN ABOVE THE STYLIZED WORD "MONSTER" WHICH APPEARS IN THE COLOR WHITE, WHICH IS ABOVE THE WORD "ENERGY" WHICH APPEARS IN THE COLOR GREEN, ALL ON A BLACK BACKGROUND.

SER. NO. 86-521,176, FILED 2-2-2015.

GEOFFREY FOSDICK, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

<div style="border: 1px solid black; padding: 10px;">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

EXHIBIT 12

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,963,668**

**Registered May 17, 2011**

**Int. Cl.: 16**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: STICKERS; STICKER KITS COMPRISING STICKERS AND DECALS; DECALS; POSTERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-0-2004; IN COMMERCE 1-0-2004.

THE MARK CONSISTS OF A STYLIZED LETTER "M" IN THE FORM OF A CLAW.

SN 85-094,343, FILED 7-28-2010.

LEIGH LOWRY, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# EXHIBIT 13

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,963,669**

**Registered May 17, 2011**

**Int. Cl.: 18**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: ALL PURPOSE SPORT BAGS; ALL-PURPOSE CARRYING BAGS; BACKPACKS; DUFFEL BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

THE MARK CONSISTS OF A STYLIZED LETTER "M" IN THE FORM OF A CLAW.

SN 85-094,364, FILED 7-28-2010.

LEIGH LOWRY, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# EXHIBIT 14

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,051,650**

**Registered Nov. 8, 2011**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: CLOTHING, NAMELY, T-SHIRTS, HOODED SHIRTS AND HOODED SWEATSHIRTS, SWEAT SHIRTS, JACKETS, PANTS, BANDANAS, SWEAT BANDS AND GLOVES; HEADGEAR, NAMELY HATS AND BEANIES , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

THE MARK CONSISTS OF A STYLIZED LETTER M IN THE FORM OF A CLAW.

SER. NO. 85-094,362, FILED 7-28-2010.

LEIGH LOWRY, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MONSTER ENERGY COMPANY, a Delaware corporation,

**DEFENDANTS**
R&R MEDICAL, LLC d/b/a BEAR KOMPLEX, an Indiana limited liability company,

**(b)** County of Residence of First Listed Plaintiff    Riverside
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James W. Riley, Jr. RILEY BENNETT EGLOFF LLP
500 N. Meridian Street, Suite 550, Indianapolis, IN 46204
(317)636-8000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    ☐ 367 Health Care/ |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander    Pharmaceutical Personal Injury |  | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability    Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine    ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle    **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury    ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice    ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability |    ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations    ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment    ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other    **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C § 1114; 15 U.S.C. § 1125(a); 15 U.S.C. § 1125(a)

Brief description of cause:
Complaint for Trademark and Trade Dress Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE   05/26/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ James W. Riley, Jr.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| <br><br><br><br>_____<br>*Plaintiff(s)*<br>v.<br><br><br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

| | |
|---|---|
| James W. Riley, Jr. | Steven J. Nataupsky, Lynda J. Zadra-Symes, |
| Jaclyn M. Flint | Sean M. Murray, Ari N. Feinstein |
| RILEY BENNETT EGLOFF LLP | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 500 N. Meridian Street, Suite 550 | 2040 Main Street, Fourteenth Floor |
| Indianapolis, IN 46204 | Irvine, CA 92614 |
| Tel: (317) 636-8000 | Phone: (949) 760-0404 |
| jriley@rbelaw.com; jflint@rbelaw.com | steven.nataupsky@knobbe.com; lynda.zadra-symes@knobbe.com |
| | Sean.Murray@knobbe.com; ari.feinstein@knobbe.com |

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: